UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BETHEA** | : |
| **v.** | :    NO. 3:02cv1402 (JBA) |
| **SMITH** | : |

## AMENDED SCHEDULING ORDER

Pursuant to the colloquy with counsel at the status conference held 10/1/04, the following schedule is ordered:

1. The parties' Joint Trial Memorandum will be filed 10/20/04 [instructions attached].

2. A pre-trial conference will be held 10/27/04 at 4:00 p.m. in Chambers Room 118.

3. Jury selection will be held 11/3/04 at 10:00 a.m. in Courtroom Two.

4. Trial will commence 11/22/04, 8:30 a.m. - 2:00 p.m. for 3/4 days.

5. The parties are referred to Magistrate Judge Margolis for the purpose of conducting a settlement conference. See Order of Referral.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut:** <u>October    , 2004</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**JOINT TRIAL MEMORANDUM - INSTRUCTIONS**
**FOR THE HONORABLE JANET BOND ARTERTON** (revised 12/03)

Thirty days after the Court's ruling on dispositive motions the parties shall jointly submit in one continuous document to be signed by all counsel a joint trial memorandum (in compliance with Local Rule 6 of Civil Procedures and the Standing Order Regarding Trial Memoranda in Civil Cases as modified herein). This Memoranda shall be submitted for the court's approval by no later than 30 days after any decision of the court on dispositive motions that leaves open for trial any issue of material fact, or in the event no such motions have been filed, 30 days after the completion of all discovery or, by a date ordered by the court, or as set forth above (date specific). The joint trial memorandum shall contain the following information:

(1) *TRIAL COUNSEL*: Counsel shall list the names, addresses and telephone numbers and e-mail addresses of the attorney(s) who will try the case. Trial counsel must attend the calendar call or pre-trial conference, unless excused by the court.

(2) *JURISDICTION*: Counsel shall set forth the basis for federal jurisdiction.

(3) *JURY/NON-JURY*: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) *LENGTH OF TRIAL*: Counsel shall set forth a realistic estimate of trial days required.

(5) *FURTHER PROCEEDINGS*: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6) *NATURE OF CASE*: Counsel for both parties shall separately state the nature of each cause of action and the relief sought.

(7) *TRIAL BY MAGISTRATE JUDGE*: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8) *LIST OF WITNESSES*:
(a) *Witnesses:* Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony. *Witnesses not*

<u>included in this list—except those used solely for rebuttal or impeachment—shall not be permitted to testify at trial, except for good cause shown</u>.
(b) <u>Exhibits</u>:  Counsel shall attach a list of all exhibits ——including a brief description of their contents——to be offered at trial.  <u>Exhibits not listed, except those used solely in rebuttal or for impeachment, will not be admissible at trial, except for good cause shown</u>.  The parties shall mark all exhibits numerically or alphabetically (e.g., plaintiff: 1 - 500, defendant 500 - 1000; <u>OR</u> plaintiff shall use numbers; defendant shall use letters) with exhibit tags to be provided by the Clerk's Office upon request.  Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial, and the original set of exhibits for the Deputy Clerk and a complete copy of the exhibits (in binders) for Judge Arterton shall be submitted to the Deputy Clerk one (1) day prior to trial.  On the first day of trial, counsel shall provide to the Courtroom Deputy an exhibit list pursuant to Local Rule 14(b).

   Any objection to the admissibility of any exhibit or the testimony of any witness shall be filed with the court in writing prior to the final pre-trial conference, together with a memorandum of authorities in support of the objection.  If no objection is made, the exhibit may be admitted without further proof of authenticity.

(9)   <u>*STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*</u>:  Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

   (a)   <u>*Bench Trial*</u>: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall submit proposed conclusions of law, citing supporting legal authority as to each legal claim **[with formatted diskette, Windows WordPerfect 6.1, 8 or 10]**.

   Except under unusual circumstances, post-trial briefing will not be permitted.  Any pre-trial memoranda which any party (ies) wish the Court to consider must be filed no later than five days prior to the date trial commences.

   (b)   <u>*Jury Trial*</u>:  The stipulation of uncontroverted facts

>
> will be read to the jury, and no evidence shall be presented on the uncontested facts.
>
> (1) *Proposed Voir Dire Questions*: Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.
>
> (2) *Proposed Jury Instructions*: Counsel shall attach requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. [with diskette].
>
> (3) *Proposed Verdict Form*: Counsel shall attached proposed verdict forms and any proposed special interrogatories [with diskette].

(10) *OBJECTIONS*: Each party shall submit its objections to the legal claims of the other party made pursuant to ¶10. The failure to present an objection to a legal claim in the joint trial memorandum without good cause may be deemed a waiver of such objection.

> (a) *Trial to Court*: Each party shall submit its objections to the proposed conclusions of law of the other party, citing legal authority for each objection.
>
> (b) *Trial to Jury*: Each party shall submit its objections to the proposed jury instructions of the other party, citing legal authority for each objection.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**TRIAL PROCEDURES AND REQUIREMENTS**
**FOR THE HONORABLE JANET BOND ARTERTON** (revised 12/03)

    The following information will familiarize you with Judge Arterton's trial procedures and requirements. Please raise any questions about or need for changes to these requirements at the pre-trial conference:

A. Exhibits:

    1. Please premark and exchange exhibits before the final pre-trial conference to insure that all objections that are amenable to pretrial disposition can be heard at that time. Counsel will retain original exhibits for use at trial.

    2. Please prepare a bench book of <u>tabbed</u> exhibits and deliver it to the courtroom deputy (Betty Torday) at least two days before evidence commences.

    3. Please provide the Courtroom Deputy with a final list of witnesses and exhibits by number (or letter) before trial begins.

    4. If you have non-objectionable exhibits which you want the jury to have during trial, you may use joint exhibit books.

    5. Even if admissibility of an exhibit is undisputed, at trial please identify each exhibit you are using by number (or letter) to assure accuracy of the court record of admitted exhibits.

B. Jury Selection:
    (Jurors biographical report will be available in the Clerk's Office two weeks prior to jury selection.)

    1. The Court uses the "box method" by which a smaller subset of the panel is called to sit in the jury box to be questioned. After canvassing for schedule availability and subject matter suitability, jurors will answer the Juror Questionnaire. The Court will then ask case specific voir dire prepared from the Joint Trial Memorandum voir dire requests.

2. At side bar, the Court will inquire whether there are any follow-up questions counsel wish the Court to ask, and/or will invite counsel to conduct a five minute direct voir dire. If a juror requests to, or is asked to come to side bar, counsel will be invited to conduct brief follow-up questioning of that juror if they wish.

C. Opening Statements/Summations:

1. Even if admissibility of an exhibit is undisputed, at trial please identify each exhibit you are using by number (or letter) to assure accuracy of the court record of admitted exhibits.

2. If you believe opening statements would be useful for the jury, please file your motions by the time of the final pre-trial conference. Otherwise, please prepare an introductory statement about the case that you want the Court to read to the jury.

3. In civil cases, closing arguments are generally limited to one hour per side. If cases involving multiple parties require a time adjustment, please make your proposal in the final pre-trial conference.

4. In civil cases, the Court will charge the jury before closing arguments, will provide jurors with a copy of the charge, and counsel are encouraged to integrate the charge into their summation of evidence.

D. Witnesses:

1. Counsel have the obligation to insure that sufficient witnesses are available to testify to completely fill each trial day. Ordinarily, witnesses are not referred to by their first names on the stand.

2. If a witness is to be called by both sides, ordinarily the witness will be on the stand only once, with examination by both sides conducted sequentially.

E. Objections:

1. Ordinarily in civil cases evidentiary objections will not be heard at side bar. Any objection requiring colloquy will be heard at the next recess. All objections to testimony or exhibits which can be decided before trial are required to be raised at the pre-trial conference. Motions in limine or objections should be included in or accompanying the parties'

        Joint Trial Memorandum.

F.   Jury Instructions:

    1.   The Court will prepare a draft charge after review of the requested jury instructions submitted in the Joint Trial Memorandum and any supplemental changes submitted before or during trial.  This draft will provide the outline for the charge conference(s) which will be held within two days of the completion of evidence.  The final versions will be provided to counsel before the charge is given.

    2.   While all objections to and requests for particular instructions will be heard during the charge conference(s), after the jury has retired counsel will be requested to summarize remaining objections to formalize the record.