# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**ROBERT BETHEA**  CASE NO.: 3:02-CV-1402 (SRU)

**VS.**

**J.D. SMITH and**
**FRANK MURPHY**  OCTOBER 27, 2004

## JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**:

    a)  Plaintiff:
        John R. Williams
        Norman A. Pattis
        Timothy J. Mahoney
        Katrena Engstrom
        Kim Coleman Waisonovitz
        Joseph M. Merly
        Williams and Pattis, LLC
        51 Elm Street, Suite 409
        New Haven, CT  06510
        Telephone:  (203) 562-9931
        Fax:  (203) 776-9494
        E-Mail:  jrw@johnrwilliams.com

    b)  Defendants:
        Michael A. Wolak, III
        Assistant Corporation Counsel
        City of New Haven
        Office of the Corporation Counsel
        165 Church Street, 4th Floor
        New Haven, CT  06510
        Telephone:  (203) 946-7970 or 7958
        Fax:  (203) 946-7942
        E-mail:  mwolak@newhavenct.net

**2.    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.    JURY/NON-JURY**

This is a jury case.

**4.    NATURE OF CASE**

This is an action against two police officers arising out of separate but allegedly related incidents. It is based on the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment and is brought pursuant to 42 U.S.C. § 1983. Plaintiff claims judgment against both defendants pursuant to Sections 1983 and 1988 of Title 42 of the United States Code for compensatory damages, punitive damages, attorney fees, costs, and a temporary and permanent injunction prohibiting them from harassing the plaintiff and violating his Fourth and Fourteenth Amendment rights.

**5.    STIPULATIONS OF FACT AND LAW**

   **a)    First Count:**

   1.    At all relevant times defendant J.D. Smith was an officer, with the rank of lieutenant, employed by the New Haven Department of Police Service.

   2.    At all relevant times defendant J.D. Smith was acting under color of law.

   3.    At approximately 9:00 a.m. on July 3, 2002 (not on June 28, 2002 as is incorrectly stated in the Amended Complaint), defendant J.D. Smith entered

plaintiff's place of business known as California Grocery, and located at 846 Congress Avenue in New Haven, Connecticut.

    4.    At said time and place defendant J.D. Smith did not have a search warrant.

**b)    Second Count:**

    1.    At all relevant times defendant Frank Murphy was an officer, with the rank of detective, employed by the New Haven Department of Police Service.

    2.    At all relevant times defendant Frank Murphy was acting under color of law.

    3.    On April 27, 2001 a handgun owned by the plaintiff was taken from the plaintiff by detectives from the New Haven Department of Police Service.

**6.    PLAINTIFF'S CONTENTIONS:**

The plaintiff contends that the defendant Smith conducted an unreasonable and warrantless search of his business premises. He further contends that the defendant Murphy unreasonably and unlawfully refused to return seized property to him. He alleges that the conduct of both defendants was part of a pattern of subjecting him to disparate treatment compared to other businessmen in the City of New Haven.

**7.    DEFENDANTS' CONTENTIONS:**

    **a)    First Count:**

On July 3, 2002, defendant J.D. Smith interrupted an altercation that was taking place at the California Grocery. The altercation involved the plaintiff, his employee and

a customer. The customer alleged to defendant Smith that the employee had threatened him, or that he felt threatened by a weapon. Defendant Smith looked in the areas of the store where a weapon could have been discarded by the employee during the course of the altercation. Defendant Smith denies that he violated plaintiff's constitutional rights, or that he engaged in any harassment of the plaintiff. Additionally, he asserts the affirmative defense of qualified immunity.

      **b)**     **Second Count:**

On April 27, 2001, detectives from the Domestic Violence Unit of the New Haven Department of Police Service took from plaintiff his Smith & Wesson handgun. Said taking was pursuant to state statute, and arose from the plaintiff's arrest on a family violence complaint brought by his wife on April 25, 2001. A protective order was also entered.

On August 27, 2001, defendant Murphy, who was assigned to the Firearms Unit of the New Haven Department of Police Service, following normal procedure, ran the two serial numbers that he found on plaintiff's handgun, one on the butt and the other on the frame, through the nationwide computer database. One of the serial numbers came back as being on a Smith & Wesson handgun that had been stolen in Houston, Texas. Defendant Murphy put a hold on the plaintiff's handgun until such time as he could determine whether plaintiff's handgun was the one reported stolen in Houston Texas.

Defendant Murphy, by May 9, 2001, was able to conclude from the information that he had obtained that plaintiff's Smith & Wesson handgun was not the same as the one reported stolen in Houston. On this date defendant Murphy had a telephone conversation with an individual who identified himself as plaintiff's attorney. During the course of this telephone conversation he informed this individual that he had determined that the plaintiff's handgun was not stolen, that for further information on the status of the handgun he should contact the Domestic Violence Unit of the New Haven Department of Police Service, and that he (defendant Murphy) was no longer involved in the investigation of the plaintiff. Defendant Murphy does not have a recollection of any contact with the plaintiff, or anyone acting on his behalf, after May 9, 2001. Defendant Murphy denies that he violated plaintiff's constitutional rights, or that he engaged in any harassment of the plaintiff. Additionally, he asserts the affirmative defense of qualified immunity.

8. **LEGAL ISSUES**

a)  Did the actions of defendant Smith on July 3, 2002, constitute, as a matter of law, an unreasonable search of plaintiff's business premises in violation of the Fourth Amendment to the United States Constitution?

b)  Did other actions of defendant Smith, as alleged by plaintiff, result in the denial to the plaintiff of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution?

    c)    Did the actions of defendant Murphy constitute, as a matter of law, a seizure of plaintiff's handgun in violation of the Fourth Amendment to the United States Constitution?

    d)    Did the actions of defendant Murphy with respect to plaintiff's handgun, deny to plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution?

    e)    Did the actions of defendant Murphy, result in the denial to the plaintiff of equal protection of the law?

    f)    Assuming the existence of a constitutional violation or violations, are the defendants, or either of them, entitled to qualified immunity.

**9.**    **VOIR DIRE QUESTIONS**

    1.    This is a lawsuit for civil rights violations brought by a citizen against police officers. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

    2.    Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

    3.    Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers? If so, please explain.

    4.    Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity? If so, please explain.

5. Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or anyone close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club, organization or civil rights group which in any way is interested in the enforcement or the change of any law or laws, or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested? If so, would this affect your ability to be fair and impartial in this case?

17. Has anyone here ever witnessed an arrest? If so, would this affect your ability to be fair and impartial in this case?

18. Have you, or anyone you know, ever been harassed, assaulted or verbally abused by a police officer? If so, would this affect your ability to be fair and impartial in this case?

19. Have you ever witnessed an incident in which you felt that a police officer was harassing, assaulting or verbally abusing another person? If so, would this affect your ability to be fair and impartial in this case?

20. Have you ever been a party to or witnessed an incident in which you felt that a police officer or officers acting improperly or without just cause? If so, would this affect your ability to be fair and impartial in this case?

21. Have you, or has anyone close to you, ever been a party to the lawsuit? If so, please explain.

22. Where are you employed?

23. If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality.

24. During the past few years there have been reports in newspapers and on television and radio about incidents involving police officers and members of the public. Though the incident alleged by the plaintiff is not similar to those reported, do any of you believe that what has been reported would influence you in any way if you were chosen to sit on a jury where misconduct by a police officer has been alleged?

25. The plaintiff and defendants in this action are of different races and ethnic backgrounds. Would the racial and ethnic differences of the parties influence your decision in this case in any way?

**10.** **LIST OF WITNESSES**

a) Plaintiff's List of Witnesses:

1. The plaintiff will testify concerning all allegations in his complaint.

2. Defendant Smith will testify concerning his interactions with the plaintiff.

3. Defendant Murphy will testify concerning his interactions with the plaintiff.

4. Peter R. Huvelle will testify concerning treatment provided the plaintiff.

5.  Noriss Haynes will testify concerning treatment provided the plaintiff.

6.  Anthony Haynes will testify concerning pastoral counseling provided the plaintiff.

7.  James Cox will testify concerning the actions of the defendants.

8.  Warren Robinson will testify concerning the actions of the defendants and the plaintiff's injuries.

9.  Nancy Nelson will testify concerning the actions of the defendants and the plaintiff's injuries.

10. Debra Bethea will testify concerning the actions of the defendants and the plaintiff's injuries.

11. Al Pisano will testify concerning the seizure of and refusal to return the plaintiff's property.

12. Joseph Glass will testify concerning the seizure of and refusal to return the plaintiff's property.

**b)  Defendants' List of Witnesses**

1.  J.D. Smith, 1 Union Avenue, New Haven, CT 06519.  Lt. Smith will testify as to his knowledge of, and participation in the events as outlined in the First Count of plaintiff's Amended Complaint.

2. Frank Murphy, U.S. Courthouse, 141 Church Street, New Haven, CT 06510. Mr. Murphy will testify as to his knowledge of, and participation in the events as outlined in the Second Count of plaintiff's Amended Complaint.

3. Petisia Adger, 1 Union Avenue, New Haven, CT 06519. Sgt. Adger will testify as to her knowledge of, and participation in the events as outlined in the First Count of plaintiff's Amended Complaint.

4. Michael Ortiz, 1 Union Avenue, New Haven, CT 06519. Officer Ortiz will testify as to his knowledge of, and participation in the events outlined in the First Count of plaintiff's Amended Complaint.

5. Domingo J. Paul, 1 Union Avenue, New Haven, CT 06519. Officer Paul will testify as to his knowledge of, and participation in the events outlined in the First Count of plaintiff's Amended Complaint.

6. Rosalee J. Reid, 1 Union Avenue, New Haven, CT 06519. Officer Reid will testify as to her knowledge of, and participation in the events outlined in the First Count of plaintiff's Amended Complaint.

7. Steven Teague, 1 Union Avenue, New Haven, CT 06519. Detective Teague may testify as to another incident involving plaintiff and his place of business that may be related to the claims being brought by the plaintiff in the First Count of his Amended Complaint.

8. Kenneth Urban, Health Department, City of New Haven, 165 Church Street, New Haven, CT 06510. Mr. Urban may testify as to another incident involving

plaintiff and his place of business that may be related to the claims being brought by the plaintiff in the First Count of his Amended Complaint.

9. Steven Silk, 1 Union Avenue, New Haven, CT 06519. Officer Silk will testify as to his knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

10. John Bashta, 1 Union Avenue, New Haven, CT 06519. Detective Bashta will testify as to his knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

11. Stacy R. Spell, 1 Union Avenue, New Haven, CT 06519. Detective Spell will testify as to this detective's knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

12. Susie M. Simmons, 1 Union Avenue, New Haven, CT 06519. Detective Simmons will testify as to her knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

13. Carrie E. (Lacy) Lanata, 1 Union Avenue, New Haven, CT 06519. Detective Lanata will testify as to her knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

14. Nancy Vidro, New Haven, Connecticut. Former Detective Vidro will testify as to her knowledge of, and participation in certain events relevant to the claims being made by the plaintiff in the Second Count of his Amended Complaint.

**11.    EXHIBITS**

a)  Plaintiff:

Plaintiff does not at this time anticipate any exhibits.

b)  Defendant:

1.  Case Incident Report, with attached Victim Account Report and Family Violence Offense Report, all dated April 25, 2001, which reports the incident that led to plaintiff's handgun being surrendered to the police.

2.  Correspondence received by the New Haven Department of Police Service on May 1, 2001, pertaining to the revocation of plaintiff's permit to carry pistols or revolvers.

3.  Stolen gun "hit" through NCIC with respect to a Smith & Wesson 38-caliber handgun with serial number 41518.

4.  Property inventories of items seized with respect to plaintiff's handgun.

5.  State of Connecticut listing of weapons licensed to plaintiff.

6.  Consent to search form dated April 27, 2001.

7.  Agreement by and between the New Haven Police Department and Robert Bethea dated August 25, 1999.

12. **DEPOSITION TESTIMONY**

   None.

13. **REQUESTS FOR JURY INSTRUCTIONS**

   Plaintiff's proposed Jury Instructions are attached hereto in Appendix A. Defendants' proposed Jury Instructions are attached hereto in Appendix B.

14. **ANTICIPATED EVIDENTIARY PROBLEMS**

   Plaintiff:  None.

   Defendants:  Defendant has attached in Appendix C a limine motion with a supporting memorandum of law.  This motion seeks to exclude any testimony or reference to any misconduct, Internal Values and Ethics complaints or proceedings, or any other type of disciplinary proceedings with respect to the defendant police personnel or their witnesses.

15. **PROPOSED FINDINGS AND CONCLUSIONS**

   Not applicable.

16. **TRIAL TIME**

   Three to four days of trial time.

17. **FURTHER PROCEEDINGS**

   None.

18. **ELECTION FOR TRIAL BY MAGISTRATE**

   No objection.

        THE PLAINTIFF, ROBERT BETHEA

BY:_____
    John R. Williams
    Williams & Pattis, LLC
    51 Elm Street, Suite 409oor
    New Haven, CT  06510
    Federal Bar # ct00215
    Telephone (203) 562-9931
    Fax # (203) 776-9494
    E-mail:  jrw@johnwilliams.com
    His Attorney

    THE DEFENDANTS,
    J. D. SMITH AND FRANK MURPHY

BY:_____
    Michael A. Wolak, III
    Assistant Corporation Counsel
    165 Church St., 4th floor
    New Haven, CT  06510
    Federal Bar # ct12681
    Telephone (203) 946-7970 or 7958
    Fax # (203) 946-7942
    E-mail:  mwolak@newhavenct.net
    Their Attorney