## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
## [Bethea v. Smith, Dkt. No. 3:02CV1402 (SRU)]

1. The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to be free from unreasonable and warrantless searches and seizures of his property and denial of equal protection of the laws. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, police officers. In this case, the plaintiff has met his burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2. It is not necessary to find that either defendant had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if either defendant intended the actions which resulted in the violation of the plaintiffs rights or if the defendant acted in reckless disregard of the plaintiffs rights. Reckless disregard of the plaintiffs rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522

F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

     3.  The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

     4.  If you find that either defendant is liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements

of injury and harm for which compensation may be awarded are:

    a)  The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom and property;

    b)  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

    c)  Lost wages or earnings;

    d)  Attorney fees or other expenses and costs of legal representation;

    e)  Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred, Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5.  You may also decide whether the plaintiff is entitled to the award of any

punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

1) Willful or malicious violation of the constitutional rights of the plaintiff;

2) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

3) Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 64849 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

      6.    The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.

[Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      7.      Police officers have an affirmative duty to enforce the law and preserve the peace. This includes stopping other police officers from violating the law. A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence. Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiff, and that the defendant did nothing to prevent it, although in a position to do so, then the defendant himself is liable for that unlawful act.  Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11(7th Cir. 1972).]

      8.      When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participated in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts Section 46, pp. 291-95 (4th Ed. 1971);

Gagnon v. Ball , 696 F.2d 17 (2d. Cir.1982).]

9. Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully. When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether the circumstantial evidence points to a consciousness of wrongdoing. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury. A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. (Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976);~. United States, 348 U.S. 84, 92(1954); Wilson v. United States, 162 U.S. 613, 620-21(1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

10. If you find that the defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the

defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff rights in the manner alleged in the Complaint. False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force. In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation alleged in the Complaint. [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

11. The defendants have asserted in this case the affirmative defense of qualified immunity. A police officer claiming such defense is entitled to qualified immunity (1) if the conduct attributed to him is not prohibited by federal law; or (2) where that conduct is so prohibited, but the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." [O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2nd Cir. 2003)] The defendant has the burden of proving at least one of these three grounds for the defense. If he fails to sustain his burden of proving at least one of those grounds, then he is not entitled to qualified immunity. [Gomez v. Toledo, 446 U.S. 635, 640 (1980); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982); Schechter v. Comptroller of the City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Black v. Coughlin, 76 F.3d 72, 75 (2d Cir. 1996); Castro v. United States, 34 F.3d 106, 111 (2d Cir. 1994).]

12. Behaving in an unreasonable manner even while executing a valid search

warrant is a Fourth Amendment violation. Officers' conduct in conducting a search is always subject to the scrutiny of a jury for reasonableness. If you find that either of the defendants acted in an unreasonable manner while searching the plaintiffs premises, that is, that they acted in a manner which was not reasonably necessary in order to carry out the proper purposes of the search, then such defendant should be found liable. [Bergquist v. County of Cochise, 806 F.2d 1364, 1368-69 (9th Cir. 1986); Dalia v. United States, 441 U.S. 238, 258 (1979 Tar le v. Greene, 684 F.2d 1, 8 (D.C. Cir. 1982); Duncan v. Barnes, 592 F.2d 1336, 1338 (5th Cir. 1979); Wilson v. Layne, 526 U.S. 603 (1999); Ayeni v. CBS Inc., 35 F.3d 680 (2d Cir. 1994) (Newman, C.J.); Berger v. Hanlon, 129 F.3d 505, 510-11(9th Cir. 1997); Buonocore v. Harris, 134 F.3d 245 (4th Cir. 1998); Franklin v. Foxworth, 31 F.3d 873 (9th Cir. 1994); Hummel-Jones v. Strope, 25 F.3d 647 (8th Cir. 1994); Mena v. City of Simi Valley, 226 F.3d 1031,104041(9th Cir. 2000); Lawmaster v. Ward, 125 F.3d 1341 (10th Cir. 1997); Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir. 1997); Lyles v. City of Barling, 181 F.3d 914 (8th Cir. 1999); Platteville Area Apartment Assn. v. City of Platteville, 129 F.3d 574 (7th Cir. 1999 Brindle v. Best, 192 F.3d 525 (6th Cir. 1999); Heitschmidt v. City of Houston, 161 F.3d 834 (5th Cir. 1998); Mckelvie v. Cooper, 190 F.3d 58 (2d Cir. 1999); Ingram v. City of Columbus, 185 F.3 579 (6th Cir. 1999); Marks v. Clarke, 102 F.3d 1012, 1025 (9th Cir. 1996); Harris v. St. Louis Police Dept., 164 F.3d 1085 (8th Cir. 1998).]

      13.    All warrantless searches are, by definition, unreasonable and violate the Fourth Amendment absent an exception to this general rule. The burden of proving the existence of a valid exception to this general rule rests on the defendants. [Coolidge v. New Hampshire, 403 U.S. 443 (1971); Stoner v. California, 376 U.S. 483 (1964); United States v. Jeffers, 342 U.S. 48 (1951); Chimel v. California, 395 U.S. 752, 762 (1969).]

14. The warrant requirement may be dispensed with only when "the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." [United States v. Burgos, 720 F.2d 1520, 1526 (11th Cir. 1983)] The courts will not readily find the existence of such exigencies. They are truly an exception to a rule of general application too important to be lightly disregarded. [See United States v. Santa, 236 F.3d 662 (11th Cir. 2000).]

15. One of the issues in this case is whether the defendants violated the plaintiffs right to equal protection of the laws under the federal constitution. The equal protection clause of the fourteenth amendment requires that all persons similarly situated must be treated alike by the government and by government officials. Selective or different enforcement of otherwise constitutional laws on the basis of unreasonable or prohibited distinctions violates the right to equal protection if that selective or different enforcement is intentional and without any rational basis, or if it is based on unlawful distinctions such as race or religion, an intent to inhibit or punish the exercise of constitutional rights like the right to free speech, or merely on a malicious or bad faith desire to injure a particular person. If you find that any defendant subjected the plaintiff to different or selective enforcement or application of the law, and if you further find that different or selective enforcement was intentional and irrational, or if you find that it was based on the plaintiffs membership in a particular group, his exercise of a protected right, or on malice or bad faith, then you must return a verdict in favor of the plaintiff on his equal protection claim. [Village of Will'owbrook v. Olech, 528 U.S. 562 (2000); LeClaire v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980); Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996); LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); Terminate Control Corp. v. Horowitz, 28 F.3d

1335, 1352 (2d Cir. 1994); <u>FSK Drug Corp. v. Perales</u>, 960 F.2d 6, 10 (2d Cir. 1992).]