**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**[Bethea v. Smith, Dkt No. 3:02CV1402 (SRU)]**

**I.**

The plaintiff's federal claims are brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act. This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights. Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1)     that the defendants, J.D. Smith and Frank Murphy, acted under color of state law;

(2)     that the conduct of both defendants, or either of them, deprived him of a right secured by the Constitution of the United States; and

(3)     that the actions of both defendants, or either them, were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut state law. Both sides agree that at the times of the incidents

alleged in plaintiff's complaint, the defendants were acting in their capacities as police officers with the New Haven Department of Police Service, and therefore, they were acting under color of state law.  Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendants, or one of them, deprived him of a constitutional right, and that such conduct proximately caused his injuries and damages. In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff.  Mr. Bethea is entitled to relief if either J.D. Smith or Frank Murphy intended to perform the actions that resulted in a violation of his rights, if you so find his rights have been violated.  He is also entitled to relief if you find that either of the defendants acted with a reckless disregard of his rights.  Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated.  However, if a defendant acted negligently, mistakenly, or inadvertently, then he cannot be said to have violated plaintiff's rights.  Thus, if you determine that a defendant acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for that defendant.

**Authority:**

> Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## II.

Mr. Bethea claims that the actions of the defendants denied him due process of law. The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no person shall be denied equal protection of the laws. Generally speaking, this means that state actors such as the defendants are to treat similarly situated people alike, and that people have a right to be free from invidious discrimination in statutory classifications and governmental actions. The plaintiff, in order to establish an Equal Protection violation, must prove by a preponderance of the evidence that he was selectively treated by either of the defendants, or both, compared with others similarly situated, and that such selective treatment resulted from impermissible considerations such as race, religion, an intent to inhibit or punish the

3

exercise of constitutional rights, or a malicious or bad faith intent to injure.  If the plaintiff fails to meet this burden, then you must find for the defendants.

**Authority:**

    City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)

    Harris v. McRae, 448 U.S. 297, 322 (1980)

    Crowley v. Courville, 76 F.3d 45, 52 (2d Cir. 1996)

    FSK Drug Corp. v. Perales, 960 F.2d 6, 10 (2d Cir. 1992

### III.

Plaintiff claims that defendant Smith conducted an illegal search of his place of business, a grocery store open to the public.  The Fourth Amendment states that the "right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated."  Plaintiff's initial burden, in order for the Fourth Amendment to be applicable, is that he must demonstrate by a preponderance of the evidence that he personally had an expectation of privacy in the place searched, and that this expectation of privacy was reasonable.  The Fourth Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable.  If you find that there was no reasonable expectation of privacy, then the search by defendant Smith would not have violated the Fourth Amendment, regardless of its nature and scope.

If you find that plaintiff had a reasonable expectation of privacy in the premises searched, then you must consider that a warrantless search is per se unreasonable

4

under the Fourth Amendment, absence certain exceptions to the warrant requirement that defendant Smith has the burden of showing. The principal exceptions relevant to this matter include searches on consent, searches incident to a lawful custodial arrest, inventory searches of the property of a person who has been lawfully arrested and exigent circumstances. If you find that defendant Smith has shown the existence of any of these exceptions, then you must find for him on this claim, even if the plaintiff demonstrates that he had a reasonable expectation of privacy in the premises searched.

**Authority:**

    Minnesota v. Carter, 525 U.S. 83, 88 (1988)

    Leventhal v. Krapek, 266 F.3d 64, 73 (2d Cir. 2001)

    Katz v. United States, 389 U.S. 347, 357 (1967)

    McCardle v. Haddad, 131 F.3d 43, 48 (2d. Cir. 1997)

    Payten v. New York, 445 U.S. 573, 598 (1980)

    Oliver v. United States, 466 U.S. 170, 177 (1984)

## IV.

Plaintiff has brought a claim for unreasonable seizure of his gun, in violation of the Fourth Amendment, against defendant Murphy. Where there is some meaningful interference with an individual's possessory interest in his or her property, a seizure of property implicating the Fourth Amendment could occur. Law enforcement activities

that unreasonably damage or destroy personal property, thereby seizing it within the meaning of the Fourth Amendment, may give rise to liability under Section 1983.

However, seizure alone is not enough for Section 1983 liability to attach, the plaintiff must prove by a preponderance of the evidence that defendant Murphy's actions with respect to the seizure were unreasonable. It must be remembered that the touchstone of the Fourth Amendment is reasonableness. In order to determine whether defendant Murphy's actions constituted an unconstitutional seizure, you must balance the nature and quality of his intrusions on the plaintiff's Fourth Amendment interests against the importance of the government interests alleged to justify the actions taken by him. The balancing of competing interests is a key principle of the Fourth Amendment. Since the extent of the intrusion is a factor, it is plain that reasonableness depends on not only when the seizure was made, but also what actions, if any, the defendant Murphy took in effectuating the seizure of plaintiff's property. Again, I remind you that if the defendant Murphy acted negligently, mistakenly, or inadvertently is this seizure, then he cannot be said to have violated plaintiff's rights.

**Authority:**

    Soldal v. Cook County, 506 U.S. 56, 60 (1992)

    Bower v. County of Inyo, 489 U.S. 593, 599 (1989)

    Ohio v. Robinette, 519 U.S. 33, 39 (1996)

    Tennessee v. Garner, 471 U.S. 1, 8 (1985)

## V.

In this case the plaintiff alleges that defendant Murphy violated his substantive due process rights as secured by the Fourteenth Amendment to the United States Constitution.

The due process clause of the Fourteenth Amendment to the United States Constitution states that no state "shall deprive any person of life, liberty, or property, without due process of law." This due process clause contains what is referred to as a substantive component. The substantive component of the due process clause places an outer limit on the legitimacy of governmental action. It prohibits the government from depriving a person of qualified property interest in an outrageously arbitrary manner.

In order to prevail on a claim that a government violated a persons substantive due process rights, the plaintiff must prove two elements. First, he must identify a valid property interest. The property interest at issue here is plaintiff's ownership of a handgun.

Second, he must prove that defendant Murphy infringed on this property interest in an outrageously arbitrary manner. That is to say that you must determine whether the conduct in this case is so outrageously arbitrary as to constitute a gross abuse of governmental authority. The conduct must be intended to injure in some way, unjustifiable by any governmental interest. The conduct must be outrageously arbitrary, wholly irrational, tainted by an improper motive, or so egregious that it shocks the conscience.

Not all governmental conduct that causes harm to an individual's property right is a violation of due process. Mere error on the part of the governmental official that may cause injury to a property right is not enough to violate due process. Merely being mistaken or wrong is not enough. Negligent conduct is not enough.

Rather, as I stated before, the conduct must be so outrageously arbitrary as to constitute a gross abuse by the governmental actor.

**Authority:**

>This is essentially the same instruction given by the Hon. Alfred V. Covello, Senior Judge, in <u>Passarelli v. New Haven Board of Education</u>, Civil Action No. 3:99cv1399 (AVC).

## VI.

Now I have just explained to you the specific allegations the plaintiff is making with respect to his federal claim under Section 1983. In order to prevail on these claims, the plaintiff must also prove that the conduct of the defendants, or either of them was the proximate cause of the injuries he claims he suffered. The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred. In other words, the conduct of either J. D. Smith or Frank Murphy must have been a substantial factor in producing the injuries to Mr. Bethea. This does not mean, however, that the law recognizes only one proximate cause of an injury or damages. On the contrary, many factors or things, or the conduct of more than one person may operate at the

same time, either independently or together, to cause injury or damage. In such a case, each may be a proximate cause.

**Authority:**

This is essentially the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

## VII.

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims. If you find that the plaintiff has proved the elements of either of his Section 1983 claims against a defendant, or both of them, you must proceed to consider whether that defendant is entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved. Both defendants have alleged such a special defense to the plaintiff's claims. Under qualified immunity, the issue is not the correctness of a particular defendant's conduct, but rather the objective reasonableness of his chosen course of action given the circumstances confronting him at the scene.

A defendant, or both of them as the case may be, has the burden of demonstrating that his conduct did not violate clearly established federal law. The fact that a particular defendant acted with subjective good faith does not entitle that defendant to the protection of qualified immunity. Adefendant is entitled to immunity only if a reasonable police officer in that particular defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

9

In deciding what a reasonable police officer should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him.

Thus, you must ask yourself what a reasonable officer in the particular situation of the defendant you are considering would have believed about the legality of his conduct.  As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith.  If you find that a reasonable officer in the defendant's situation would have believed that his conduct was lawful, then that officer is protected from liability by qualified immunity.

To summarize, if the defendant convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim.  This is so even though you may have previously found that this particular defendant in fact violated the plaintiff's federally protected right.  If you find that the defendant has not proved entitlement to qualified immunity on a particular claim, then you should proceed to consider the issue of damages on the federal law claim.

I again caution you that a constitutional violations, such as that alleged by the plaintiff, do not occur where a defendant's actions, even though in error, were due to negligence.

**Authority:**

    Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

    Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

    Harlow v. Fitzgerald, 457 U.S. 800 (1982).

## VIII.

If you find that a defendant is liable to the plaintiff based on the federal Section 1983 claims, then you shall consider the issue of damages as to that particular defendant.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the defendant's conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

### A.     **Compensatory Damages**

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to Mr. Bethea, compensatory damages may be awarded for any physical injury and emotional harm that he suffered during and after the events at issue in this case, including money actually spent or debts incurred as a result of the injury; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiff has suffered or that you find the plaintiff will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff insofar as money will compensate him for the damages that he has sustained. Determining damages in a case of this sort involves a certain degree of estimation. Often, certain types of damages cannot be proven with mathematical certainty. You have to apply sound judgment and common sense in reaching he proper amount of damages. However, there must be evidence to establish damages with at least a reasonable degree of certainty. You are not to guess or speculate what the damages were. You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

### B. Avoiding Duplicative Damages

Because this case involves multiple claims under federal law, I would caution you that the plaintiff may be compensated only once for an injury. You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights. In other words, for example, if you find that Mr. Bethea's claims for an improper search and violation or his right to equal protection provide theories for compensating one distinct injury, then Mr. Bethea is only entitled to recover once for that injury. For example, if a plaintiff were to prevail on both of his claims and establish that he suffered a $50 injury, you could not award him $50 in compensatory damages per claim – for a total of $100. Rather, you would only award him a $50 total. With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not recover more than he has lost. Of course, if the plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate him fully for all of his injuries.

### C. Nominal Damages

If you find that the defendant violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of his constitutional rights having been violated by a particular defendant, then the plaintiff is entitled to nominal damages for that loss. Nominal damages, however, are generally set in the amount of $10.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendant other than the fact of a constitutional deprivation, then you must award nominal damages of $10.00. I caution you, however, not to consider the award of $10.00 as trivial.

### D.     Punitive Damages

I advised you earlier that there are two kinds of damages. The second is known as punitive damages. Punitive damages are available to the plaintiff for his federal claims. If you find that a particular defendant is liable on one or more of the plaintiff's federal Section 1983 claims, you will be asked whether punitive damages are warranted.

Before you can award punitive damages, you must first have decided to award the plaintiff compensatory or nominal damages on one or more of the plaintiff's federal civil rights claims. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. In deciding whether to award punitive damages, you should consider whether you find that a particular defendant engaged in any of the following conduct:

1.     Willful or malicious violation of the plaintiff's constitutional rights;

2. An intentional act by the defendant in gross disregard of the plaintiff's rights; or

3. Reckless disregard by the defendant of whether he was violating the plaintiff's rights.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages. You must also bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason. They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

**Authority:**

This is essentially the same instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG) on punitive damages in were a federal constitutional violation is found.

J:\CYCOM32\WPDOCS\D028\P002\00006317.DOC