UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT BETHEA | CASE NO.: 3:02CV1402 (SRU) |
| VS. | |
| J.D. SMITH AND FRANK MURPHY | OCTOBER 27, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: OTHER MISCONDUCT

The defendants, J.D. Smith and Frank Murphy, move the Court, *in limine*, to bar any evidence of, and prohibit any reference to, alleged "other misconduct" by the defendants or the defense witnesses. This memorandum of law is submitted in support of the defendant's motion.

ARGUMENT:

1.  Evidence Of, Or Reference to, Allegations Of Other Misconduct Should Be Barred Because Such Evidence Is Generally Inadmissible And Highly Prejudicial.

The defendants believe that the plaintiff may attempt to elicit testimony at trial regarding alleged "other misconduct" by police officers. Allegations of "other misconduct" are generally not admissible under Rule 404 of the Federal Rules of Evidence. Evidence of "other crimes, wrongs or acts" is not admissible under Rule 404(b) to prove character or propensity. Fed. R. Evid. 404(b). "Other misconduct" is admissible only if it is clearly probative of one of the other matters listed in Rule 404(b) and its probative value outweighs its prejudicial effect. See Ricketts v. City of Hartford, 74 F.3d 1397 (2nd Cir. 1996) (holding trial court did not abuse its discretion in precluding inquiry into prior citizen's complaint against

defendant that alleged conduct that was not substantially identical to the conduct at issue); Berkovich v. Hicks. 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding evidence of prior civilian complaints properly excluded where officer was exonerated on six of seven complaints and complaints did not show *modus operandi* claimed).

Any reference before the jury to irrelevant allegations of "other misconduct" would be severely prejudicial to the defendants. The defendants submit that, at minimum, the plaintiff should be required to seek the Court's permission out to the hearing of the jury prior to making any reference to alleged "other misconduct."

CONCLUSION

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

                                        THE DEFENDANTS, J.D. SMITH
                                        AND FRANK MURPHY


                           BY:_____
                                        Michael A. Wolak, III
                                        Assistant Corporation Counsel
                                        City of New Haven
                                        165 Church Street
                                        New Haven, CT  06510
                                        Tel #:  (203) 946-7970 or 7958
                                        Fax #: (203) 946-7942
                                        E-mail: mwolak@newhavenct.net

                                        Fed. Bar #ct12681
                                        Their Attorney

## **CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing was hand delivered and/or mailed, postage prepaid, on October 27, 2004, to the following counsel of record:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D026\P002\00008290.DOC