# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT BETHEA,                :
    Plaintiff,              :
                       :       CIVIL ACTION NO.
    v.                  :       3:02-cv-1402(SRU)
                       :
J.D. SMITH,               :
    Defendant.          :
                       :

## JURY INSTRUCTIONS

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you listen carefully and pay close attention. You have been provided with a copy of my instructions so that you can read along as we go. Please do not write on these copies because they will be collected at the end of my instructions and you will not be permitted to take them into the jury room with you. Only one official copy will be allowed in the jury room for your consideration.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats, namely, the verdict form. After I have given these instructions and you hear the closing

arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, the original exhibits, a copy of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF THE COURT

As Judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.

If either of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion about what verdict you should return – that is a matter for you alone to

decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

<u>BOTH SIDES ENTITLED TO FULL AND FAIR HEARING</u>

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing.  You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

<u>OBJECTIONS AND RULINGS</u>

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible.  You should not prefer or dislike an attorney or his client because the attorney made objections – or because the attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight.  My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the

witness would have said if he or she had been permitted to answer the question.  If I have granted a motion to strike, you must disregard the part of the answer that was stricken, because it is not evidence.

## DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case.  In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding or interpretation of the law other than the one I give you.  And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.  In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what Mr. Bethea must do in order to win this case.  My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been

-4-

proven by Mr. Bethea by the appropriate burden of proof, even if I simply use the word "find." Likewise, I will speak of the parties "establishing" various facts. Even if I simply use the word "establish," you must find that facts have been established by the appropriate burden of proof.

<u>BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE</u>

Because this is a civil case, the plaintiff, Mr. Bethea, has the burden of proving every disputed part of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, the plaintiff must prove that the fact is more likely true than not true. In other words, if you find that the credible evidence on a given issue is evenly divided between the plaintiff and the defendant, then you must decide that issue for the defendant. However, if the plaintiff proves that a fact is more likely true than not, even slightly more true than not, then you are to find that the plaintiff has proven the fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUES IN THIS CASE

Now let me turn to the specific claims in this case.  Mr. Bethea has brought his claims in this lawsuit under Section 1983 of Title 42 of the United States Code, which I will simply refer to as "Section 1983."  Section 1983 provides that a person may seek damages against anyone, who, under color of state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

A Section 1983 claim has three elements.  In order to prove a claim under Section 1983 against a defendant, a plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

1)     that the defendant acted under the color of state law;

2)     that the defendant deprived the plaintiff of one or more of his rights secured by the Constitution or laws of the United States; and

3)     that the acts that violated the plaintiff's rights were the proximate cause of the plaintiff's injuries or damages.

A plaintiff may not recover on a Section 1983 claim against a defendant unless he has proven by a preponderance of the evidence each of these elements, which I will now address in detail.

1.     *First Element: Under Color of State Law*

In order to prove the first element of a Section 1983 claim, a plaintiff must prove that a defendant was acting under the color of state law or authority, in this case the authority of the

State of Connecticut.  Acting under color of state law simply means that the activities at issue

occurred while the defendant was performing official duties.   No one disputes that Lieutenant

Smith was acting under the color of state law in this case.  Therefore, the first element of Mr.

Bethea's Section 1983 claim has been established by agreement of the parties.

2.    *Second Element: Deprivation of a Constitutional Right*

In order to prove the second element of a Section 1983 claim, Mr. Bethea must prove that

Lieutenant Smith deprived him of a right protected by the Constitution or laws of the United

States.  Mr. Bethea alleges that Lieutenant Smith deprived him of his constitutional rights: (a) by

subjecting him to an unreasonable and warrantless search, and (b) by denying him equal

protection of the laws.

a.    Unlawful Search - Fourth Amendment

In this case, Mr. Bethea claims that his constitutional rights were violated when

Lieutenant Smith conducted an illegal search of particular areas in his grocery store.  The Fourth

Amendment to the United States Constitution protects the rights of persons to be secure in their

persons, houses, papers and effects, against unreasonable searches and seizures.

In order for the Fourth Amendment to be applicable, Mr. Bethea must first prove that he

had an actual expectation of privacy in the places searched and that this expectation was

reasonable.  When considering whether Mr. Bethea had a reasonable expectation of privacy, you

should consider whether society would recognize the expectation as reasonable.  In addition, you

should not consider whether he had an expectation of privacy concerning the store as a whole.

Rather, you should consider his expectation of privacy with respect to each of the areas searched.

I instruct you that Mr. Bethea would not have a reasonable expectation of privacy over areas of the store where the public was invited to enter and transact business. He may, however, have a reasonable expectation of privacy over other areas of the store. If you find that there was no reasonable expectation of privacy for any of the places searched, then a search by Lieutenant Smith would not violate the Fourth Amendment. If you find that there was a reasonable expectation of privacy, you must consider whether the search was reasonable.

A search violates the Fourth Amendment if it is unreasonable. When deciding whether the search was reasonable or unreasonable, you should consider the totality of the circumstances. In other words, was the search reasonable, taking into account everything you know about the conditions under which it was conducted. When considering the totality of the circumstances, there are a number of factors you may consider. These factors include, but are not limited to, the importance of the purpose of the search; the reasons the defendant undertook the search; the reliability of the information giving rise to the search; and the scope of the search, that is, the areas of the store that were searched, the length of time during which Lieutenant Smith searched, and whether he continued searching after it became apparent that no weapon would be found.

Searches that are conducted by a police officer who has not first obtained a warrant for the search from a judicial officer are presumptively unreasonable, although certain important exceptions exist. The exceptions that potentially apply in this case are: (1) that Mr. Bethea consented to the search, or (2) that an emergency justified Lieutenant Smith going forward with the search without having first obtained a warrant.

Consent to a search will justify a warrantless search only if the consent was given

voluntarily, that is, not as a result of duress or coercion by the police officer.  An emergency or "exigent circumstances" exist when police officers have probable cause to believe that someone is in imminent danger, or when the officers have probable cause to believe that they themselves are in danger, or there is imminent danger of destruction of evidence of crime.  In other words, a warrantless search may be justified by the risk of danger to the police or to other persons, or imminent destruction of evidence of crime.  In short, unless the police officer has obtained the voluntary consent of the store owner or he has probable cause to believe that emergency circumstances exist justifying a search, an officer may not search in areas, over which the store owner has a reasonable expectation of privacy, without a warrant.

If you find that Mr. Bethea did have a reasonable expectation of privacy in any of the places searched and you find that Lieutenant Smith committed the alleged acts – that is, searched those areas of the plaintiff's store without a warrant – you must determine whether such acts violated the plaintiff's constitutional rights or whether one of the exceptions to the warrant requirement applies.

If you find that Lieutenant Smith has established either of the two exceptions described above[1], you must find for him on the Fourth Amendment claim.  If you find that Lieutenant Smith conducted an improper search of an area in which Mr. Bethea had a reasonable expectation of privacy, and that neither of these exceptions apply, then Mr. Bethea has proven a

---

[1] Whether the defendant or plaintiff in a Section 1983 case bears the burden of proving the existence/absence of an exception to warrant requirement is unclear.  It would be wise to further consider this question.  Relevant cases include: *Ruggiero v. Krzeminski*, 928 F.2d 558, 652-63 (2d Cir. 1991) and *Anobile v. Pelligrino*, 303 F.3d 197, 124 (2d Cir. 2002).

violation of his constitutional rights under the Fourth Amendment.

        b.    <u>Equal Protection of the Laws</u>

In this case, Mr. Bethea has alleged that Lieutenant Smith intentionally treated him differently from other similarly situated persons with respect to the enforcement of laws affecting businesses and the manner in which police services were provided.

The Fourteenth Amendment to the Constitution of the United States protects the rights of all persons to be treated alike. It prohibits the government from denying to any person within the state "the equal protection of the laws." In other words, the Equal Protection Clause is essentially a direction that the government treat alike all persons who are similarly situated.

In order to establish a violation of equal protection based on selective or different enforcement of the laws, Mr. Bethea must show that (1) Lieutenant Smith treated him differently from other similarly situated persons with respect to the enforcement of laws affecting businesses or the manner in which police services were provided, and (2) that the selective or different treatment was based on a malicious or bad faith intent to injure him.

Acts are done "maliciously" if they are done out of ill will or in reckless disregard of a person's rights. "Reckless disregard of a person's rights" means that Lieutenant Smith performed his official duties without any reasonable ground to believe that his decision was properly based on the law and the evidence.

"Bad faith" generally implies some sinister motive, a conscious wrong because of a dishonest purpose. It is not simply bad judgment or negligence. It is different from negligence in that it contemplates a state of mind affirmatively operating with ill will.

If you find that Lieutenant Smith intentionally treated Mr. Bethea differently with respect to the enforcement of laws or the provision of police services than he treated other similarly situated persons, and you find that this treatment was based on a malicious or bad faith intent to injure Mr. Bethea, then Mr. Bethea has proven a violation of his constitutional right to equal protection.

3.    *Third Element: Proximate Cause*

The third element which Mr. Bethea must prove is that Lieutenant Smith's acts were a proximate cause of any injuries sustained by him.  Proximate cause means that there must be a sufficient causal connection between the act or acts of Lieutenant Smith and any injury or damage sustained by Mr. Bethea.  An act is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act.  If an injury was a direct result or a reasonably probable consequence of Lieutenant Smith's act, it was proximately caused by such act.  In other words, if Lieutenant Smith's act had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.  Keep in mind that Lieutenant Smith cannot be held liable for the acts of any other person.

In order to recover damages for any injury, Mr. Bethea must show by a preponderance of the evidence that such injury would not have occurred without the conduct of Lieutenant Smith. If you find that Lieutenant Smith has proved, by a preponderance of the evidence, that Mr. Bethea complains about an injury which would have occurred even in the absence of Lieutenant Smith's conduct, you must find that Lieutenant Smith did not proximately cause Mr. Bethea's

-11-

injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Lieutenant Smith is not liable if Mr. Bethea's injury was caused by a new or independent source of an injury which intervenes between Lieutenant Smith's acts and Mr. Bethea's injury and which produces a result which was not reasonably foreseeable by Lieutenant Smith.

## SECTION III: INSTRUCTIONS FOR DELIBERATIONS

### THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.  The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

It is the witnesses's answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict.  Further, if certain testimony was received for a limited purpose, such as for the purpose of assessing a witness's credibility, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections and questions is not evidence.  What they say in their closing arguments is intended to help you to understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion about the weight or effect of such evidence.  Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court.  Exhibits were received into evidence either because the

parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection are not evidence unless they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own sense – something he or she has seen, felt, touched or heard.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience

and common sense, you infer from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

<u>INFERENCE DEFINED</u>

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. The mere existence of an inference against a defendant does not relieve a plaintiff of the burden of establishing his case by a preponderance of the evidence. Finally, you may not draw any inferences from the mere fact that

-15-

the plaintiff filed this lawsuit.

<u>WITNESS CREDIBILITY - GENERAL</u>

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You base it on what you have seen and heard.  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor – that is, his or her behavior, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your every day lives.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

-16-

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## TESTIMONY OF A POLICE OFFICER

Some of the testimony that you have heard has been the testimony of a police officer. The testimony of a police officer is entitled to no greater and no lesser weight than any other witness's testimony. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. When you consider a police officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and

the witness is not discredited or impeached.  You may decide, because of the witness's manner and demeanor or because of the improbability of his testimony or for other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

<u>DAMAGES</u>

If, after deliberating, you decide that Mr. Bethea has proven each element of his claim, then you should turn to the issue of damages for the claim or claims you have found Mr. Bethea to have proven.  The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your function to decide the issue of liability; I am instructing you on elements of damages only so that you will have guidance should you decide that Mr. Bethea is entitled to recover damages on any claim. You should not consider the question of damages unless and until you find Lieutenant Smith liable to Mr. Bethea.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of a violation of Mr. Bethea's constitutional rights under the Fourth Amendment or Equal Protection Clause, in accordance with these instructions.

There are three different types of damages: (a) compensatory, (b) nominal, and (c) punitive.  Let me now explain each type to you.

-18-

A.    COMPENSATORY DAMAGES

The first type of damages is called compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation.  If you decide for Mr. Bethea on the issue of liability on any claim, you must then fix the amount of damages that will reasonably and fairly compensate Mr. Bethea for any harm brought about by Lieutenant Smith's acts that give rise to liability on that claim.  These damages are known as compensatory damages.  Compensatory damages seek to make a plaintiff whole—that is, to compensate for the damages that he suffered.  These damages may include pain and suffering.

The problem of estimating damages in a case of this sort is not easy.  You are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which he is entitled.

Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendant.  The plaintiff may recover fair, reasonable, and just compensation for only those elements of damage he has proven were caused by the acts of the defendant that satisfied the elements of the plaintiff's claim.  Actual damages must not be based on speculation or sympathy.  Nor may damages be based on the abstract "value" or "importance" of a constitutional right.  Damages must be based on the evidence at trial.  On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

-19-

There is no exact standard for fixing compensatory damages.  This is a matter that is left to the conscience, good sense, and sound judgment of the jury.  You should not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate the plaintiff for any injuries suffered by conduct that violated Mr. Bethea's constitutional rights under the Fourth Amendment or the Equal Protection Clause.

You must bear in mind at all times that the burden is on Mr. Bethea to prove that any claimed element of damages was a proximate consequence of a proven wrongful act, as well as to prove the reasonable amount with respect to any such element of damage.

B.     NOMINAL DAMAGES

A second type of damages is called nominal damages.  If you find that Mr. Bethea has proven a violation of a constitutional right against the defendant, but you find that Mr. Bethea suffered or proves no injury, you must award him what are called "nominal damages."

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the plaintiff's rights were violated, without any resulting compensatory damages.  You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in speculation or guesswork.

You may not award both nominal and compensatory damages to Mr. Bethea; either he was measurably injured, in which case you must award compensatory damages, or he was not or you cannot reasonably calculate such damage, in which case you should award nominal damages.

-20-

"Nominal damages" are a token sum, such as ten dollars.

C.    PUNITIVE DAMAGES

If you find that Mr. Bethea has proven a Fourth Amendment or Equal Protection claim against the defendant and you award compensatory or nominal damages to Mr. Bethea for any such claim, then you must decide whether he is entitled to an award of punitive damages.

The law permits the jury, under certain circumstances, to award an injured person punitive damages, in order to punish the wrongdoer for some extraordinarily wrongful conduct, and to serve as a warning to others not to engage in such conduct. Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Whether you decide to award punitive damages against Lieutenant Smith should be based on whether you find that he engaged in either:

(1)    Willful or malicious violation of the plaintiff's rights; or

(2)    Wanton behavior, that is, the reckless disregard of whether his actions were in violation of the plaintiff's rights.

By malicious or willful, I mean that Lieutenant Smith's actions were inspired by a purpose to do the plaintiff harm, and that he had an intent to bring about such a result. In determining whether Lieutenant Smith's conduct was malicious or willful, you must consider what he did in light of all the circumstances, for malice and willfulness are often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts. I said to you also that Mr. Bethea is eligible for punitive damages where Lieutenant Smith's acts are wanton, and by that I mean a reckless disregard of the consequences that might

follow from such acts.  Whether you decide to award any punitive damages is entirely within

your discretion.

NOTE TAKING

I am now done with the instructions on the specific claims in this case.  In closing, I must

add a few general instructions concerning your deliberations.  You were permitted to take notes

during the course of the trial.  Any notes you have taken should be used only as memory aids; do

not give your notes more importance than your independent recollection of the evidence.  If you

did not take notes, you should rely on your own memory of the proceedings and should not be

unduly influenced by the notes of other jurors.  The fact that a particular juror has taken notes

entitles that juror's opinions to no greater weight than those of any other juror, and your notes are

not to be shown to any other juror during the course of deliberations.

JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of

evidence.  Please bear in mind that all litigants are equal before the law.  You should not,

therefore consider any personal feelings you may have about the race, religion, national origin,

sex, age, wealth, lifestyle, or other features of the parties.  Similarly, it would be wrong for you to

allow feelings you might have about the nature of the claims against the defendant to influence

you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the

evidence presented here.  If you let sympathy or prejudice interfere with your clear thinking about

-22-

the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties.  Each of the parties to this case must be regarded as equals by you.  This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel.  I will conclude the instructions after those summations.  Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

[BREAK FOR CLOSING ARGUMENTS]

## LAWYERS' ARGUMENTS ARE NOT EVIDENCE

You have just heard closing arguments of counsel.  I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying.  The lawyers merely presented their arguments about what the evidence has shown.  Their credibility is not an issue that should enter into your decision in this case.

## CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to

deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.  Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so.  However, you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  Focusing on the questions set forth in the verdict form will assist you in your deliberations.  You must complete and return the verdict form in court when you have reached your decision.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement on your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the court security officer or clerk that you have reached a verdict.  The verdict form must be used only in connection with the charge I have just given to you.  The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the special verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in *italics print* after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The *italicized instructions* will guide you through the verdict form. Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have exhibits with you but you will not have a transcript of the testimony. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer or clerk. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions – and nothing that I have said or done during the trial – has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you for your attention.